IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA L. LONG,<br><br>    Plaintiff,<br><br>v.<br><br>COLUMBIA-ARORA JOINT VENTURE,<br><br>    Defendant.                         / | No. C 06-06545 CRB<br><br>**ORDER ON MOTION TO DISMISS** |

     This is an employment discrimination lawsuit. The Court granted plaintiff's application to proceed *in forma pauperis* and had the defendant served with the complaint. Defendant responded to the complaint and appeared at the initial case management conference on January 26, 2007. Plaintiff, however, did not appear for the conference and did not otherwise communicate with the Court or defendant. Accordingly, the Court ordered plaintiff to show cause why this action should not be dismissed because of her failure to prosecute. In particular, the Court ordered plaintiff to appear for a hearing in Courtroom 8, 19th floor, 450 Golden Gate Avenue, at 10:00 a.m. on March 16, 2007.

     Around the same time defendant filed a motion to dismiss the complaint on the ground that it failed to provide any specific allegations as to the alleged employment discrimination. The hearing was also scheduled for March 16, 2007.

     Plaintiff subsequently filed with the Court a binder full of documents and her notes; the binder appears to express her view of her case. Although plaintiff submitted the binder,

she did not appear on March 16 in response to the Show Cause Order, and she did not make arrangements to appear by telephone.

As plaintiff is representing herself, resides in Colorado, and made a detailed written submission, the Court will not dismiss plaintiff's complaint for a failure to prosecute *at this time*. Instead, the Court will provide the binder to the defendant for its review. If after reviewing the binder, defendant believes that plaintiff has still not provided sufficient information to satisfy Federal Rule of Civil Procedure 8, defendant may make a new motion to dismiss. In the meantime, defendant's currently pending motion to dismiss is denied without prejudice. Plaintiff is warned that if defendant files a new motion to dismiss she must file a written opposition and she must make arrangements to appear at the noticed hearing, either in person or by telephone. **Plaintiff's failure to appear at any future Court hearings, in person or by telephone, may result in dismissal of her lawsuit for a failure to prosecute.** Plaintiff is not excused from Court appearances because she now resides in Colorado.

If after reviewing the plaintiff's binder defendant decides to proceed to summary judgment, plaintiff must cooperate with the scheduling of her deposition.

The Court will hold a further case management conference at 8:30 a.m. on June 1, 2007. Again, plaintiff **must** make arrangements to appear at the conference in person or by telephone.

**IT IS SO ORDERED.**

Dated: March 20, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\6545\order1motiontodismiss.wpd